USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/2/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sabby Volatility Warrant Master Fund Ltd., et al.,

                          **Plaintiffs,**

-against-

Kiromic Biopharma, Inc., et al.,

                          **Defendants.**

1:22-cv-01927 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Consent Motion by Plaintiffs Sabby Volatility Warrant Master Fund Ltd. ("Sabby") and Empery Asset Master, Ltd, Empery Tax Efficient, LP and Empery Tax Efficient III, LP (collectively, "Empery", and with Sabby, "Plaintiffs"), for an Order pursuant to 15 U.S.C. § 77c(a)(10), approving the issuance of subordinated convertible promissory notes (the "Convertible Notes") of Kiromic Biopharma, Inc. ("Kiromic"), as well as the shares of common stock of Kiromic issuable upon conversion of such Convertible Notes, as exempt from registration under the 1933 Act and without restrictive legends. (Consent Motion, ECF No. 117.) For the reasons set forth below, the Consent Motion is GRANTED.

**BACKGROUND**

Kiromic is a Delaware corporation whose common stock is registered under the Securities Exchange Act of 1934, as amended, and publicly traded on NASDAQ. (*See* First Am. Compl. ("FAC"), ECF No. 76, ¶¶ 1, 17.) On March 7, 2022, Plaintiffs commenced this action against Kiromic and certain current and former directors (collectively, the "Kiromic Defendants"), seeking damages under Sections 11, 12(a) and 15 of the Securities Act of 1933

(the "1933 Act") for false and misleading statements in offering documents. (Compl., ECF No. 1, ¶¶ 62-86.) Plaintiffs had invested a total of $7,500,000 in the offering. (*Id*. ¶ 2.)

On May 22, 2022, Plaintiffs filed the FAC, which named an additional defendant, ThinkEquity LLC ("ThinkEquity"), which was Kiromic's investment bank in the offering.[1] (FAC ¶ 18.) On September 12, 2022, all Kiromic Defendants (with the exception of Mr. Tontat, who resides in France and has not been served), moved to dismiss the FAC. (*See* Mots. To Dismiss, ECF Nos. 86, 89 & 93.)

On October 9, 2022, Sabby and Defendants entered into a Stipulation of Settlement and Mutual Release, which was amended on October 25, 2022 (the "Sabby Settlement Agreement"), and Empery and Defendants entered into a Stipulation of Settlement and Mutual Release which was amended on October 26, 2022 (the "Empery Settlement Agreement" and collectively with the Sabby Settlement Agreement, the "Settlement Agreements"). (Ward Decl., Ex. 1 (Sabby Settl. Agmt., ECF No. 119-1) & Ex. 2 (Empery Settl. Agmt., ECF No. 119-2).[2]) The Settlement Agreements resolve all claims in this action, subject to this Court's approval of the requested Section 3(a)(10) issuance addressed below. (*See id*.)

Pursuant to the Sabby Settlement Agreement, Kiromic agreed to issue to Sabby or its designees (the "Sabby Recipients"), a Convertible Note in the aggregate principal amount of $1,656,720 (the "Sabby Note"), and pursuant to the Empery Settlement Agreement to issue to

---

[1] On September 17, 2022, ThinkEquity filed its answer and crossclaim against the Kiromic Defendants. (ThinkEquity Answer, ECF No. 98.) On October 13, 2022, ThinkEquity dismissed its crossclaim without prejudice, and on October 14, 2022, Plaintiffs dismissed ThinkEquity from this action without prejudice. (*See* 10/13/22 Order, ECF No. 114; 10/14/22 Order, ECF No. 115.)

[2] The versions of the Settlement agreements annexed to the Ward Declaration are not executed. However, counsel for the parties represented to the Court during the telephonic hearing on November 2, 2022 that the Agreements have been fully executed.

Empery or its designees (the "Empery Recipients"), a Convertible Note in the aggregate principal amount of $1,656,720 (the "Empery Note" and collectively with the Sabby Note, the "Notes"), each convertible into shares of Kiromic common stock (the "Shares").[3] (Sabby Settl. Agmt. ¶ 1; Empery Settl. Agmt. ¶ 1.) Each of the Settlement Agreements provides that the Notes will not be registered and may not be sold unless subject to a registration statement or an applicable exemption from registration, but that the Sabby Recipients and Empery Recipients may seek an Order pursuant to Section 3(a)(10) of the 1933 Act for an exemption from registration. (Sabby Settl. Agmt. ¶ 3; Empery Settl. Agmt. ¶ 3.) The pending Consent Motion expressly is contemplated by the terms of the Settlement Agreements. (*See id*.)

## **LEGAL STANDARDS**

Generally, under the 1933 Act, public companies are not permitted to issue their stock — and shareholders receiving those shares are not permitted to immediately resell them into public markets — without first filing a registration statement. *See* 15 U.S.C. §§ 77e(c), 77d(a)(1). However, Section 3(a)(10) of the 1933 Act provides an exemption from such general rule:

> Exempted Securities. Except as hereinafter expressly provided, the provisions of this subchapter shall not apply to any of the following classes of securities: . . . (10) . . . [A]ny security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests, or partly in such exchange and partly for cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court . . . .

---

[3] Each of the Sabby Recipients and the Empery Recipients are receiving Notes that may be converted to into shares of Kiromic common stock, subject to customary beneficial ownership blockers at 9.99% so that there is no prospect of a change in control (the "Beneficial Ownership Limitation"). (*See* Sabby Settl. Agmt. ¶ 1; Empery Settl. Agmt. ¶ 1; *see also* Consent Mem., ECF No. 118, at 7.)

15 U.S.C. § 77c(a)(10). Thus, the statutory prerequisites for an issuer claiming a Section 3(a)(10) exemption are: (1) an exchange for outstanding securities, claims or property interests; (2) a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities shall have the right to appear; and (3) a finding of fairness and approval by a court. *See YA II PN, Ltd. v. Taronis Techs., Inc.*, 435 F. Supp. 3d 622, 625 (S.D.N.Y. 2020) (holding that proposed settlement of action satisfied requirements of Section 3(a)(10)); *see also* U.S. Securities and Exchange Commission ("SEC") Staff Legal Bulletin No. 3A.[4]

## DISCUSSION

The Court finds that all the requirements of Section 3(a)(10) identified above have been met. First, the Settlement Agreements provide for the requisite exchange. Second, a telephonic hearing was held on November 2, 2022, during which counsel for the parties participated. Third, the Court finds that "the terms and conditions of the exchange [are] 'fair' to those to whom securities will be issued." *In re Bd. of Directors of Multicanal S.A.*, 340 B.R. 154, 169 (Bankr. S.D.N.Y. 2006). Indeed, both Sabby and Empery filed sworn declarations regarding the fairness of the transaction. (*See* Grundstein Decl., ECF No. 119-4, ¶ 6; Lane Decl., ECF No. 119-5, ¶ 6.)

## CONCLUSION

By reason of the foregoing, the Court finds that the statutory prerequisites for a Section 3(a)(10) exemption are satisfied and hereby GRANTS the Consent Motion. Accordingly, it is hereby ORDERED, as follows:

---

[4] A copy of SEC Staff Legal Bulletin 3A is annexed as Exhibit C to the Ward Declaration (ECF No. 119-3).

1. The issuance and/or transfer of Convertible Notes to Empery and/or their designees in the aggregate principal amount of $1,656,720 (the "Empery Notes"), pursuant to the Empery Settlement Agreement, is hereby approved as fair within the meaning of Section 3(a)(10) of the 1933 Act, and (i) such Empery Notes are therefore unrestricted and exempt from registration with the SEC, and (ii) the shares of common stock, par value $0.001 per share, of Kiromic issuable upon conversion of the Empery Notes in accordance with their terms (including the Beneficial Ownership Limitation) will be unrestricted, exempt from registration with the SEC and may be issued without any restrictive legends.

2. The issuance and/or transfer of Convertible Notes to Sabby and/or their designees in the aggregate principal amount of $1,656,720 (the "Sabby Notes"), pursuant to the Sabby Settlement Agreement, is hereby approved as fair within the meaning of Section 3(a)(10) of the 1933 Act, and (i) such Sabby Notes are therefore unrestricted and exempt from registration with the SEC, and (ii) the shares of common stock, par value $0.001 per share, of Kiromic issuable upon conversion of the Sabby Notes in accordance with their terms (including the Beneficial Ownership Limitation) will be unrestricted, exempt from registration with the SEC and may be issued without any restrictive legends.

3. The Clerk of Court is respectfully directed to enter final judgment dismissing the First Amended Complaint and closing the case. This Court shall retain jurisdiction, pursuant to 28 U.S.C. § 636(c), to resolve any issues relating to this Order.

**SO ORDERED.**

Dated: New York, New York
November 2, 2022

_____
STEWART D. AARON
United States Magistrate Judge